IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

| | | |
|---|---|---|
| JONATHAN ELLER | : | |
| MORMON MATCH LLC | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civ. Action 4:14-cv-00914 |
| | : | |
| INTELLECTUAL RESERVE, INC. | : | |
| | : | |
| Defendant/Counterclaim Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN ELLER | : | |
| MORMON MATCH LLC | : | |
| JOHN DOES 1-5 | : | |
| Counterclaim Defendants | : | |
| | : | |

_____

## AMENDED ANSWER, AFFIRMATIVE DEFENSES
## AND COUNTERCLAIMS

Defendant Intellectual Reserve, Inc. hereby answers the Complaint as follows.

## PARTIES

1.      Defendant is without sufficient knowledge to form a belief as to the allegations

contained in Paragraph 1 and, therefore, denies said allegations.

2.      Defendant admits the allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in Paragraph 5.

## NATURE OF THE CASE

6.      Paragraph 6 contains a description of Plaintiffs' alleged cause of action to which no response is required.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 8 and, therefore, denies said allegations.

9.      Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 9 and, therefore, denies said allegations.

10.     Defendant admits that it owns exclusive rights in a family of MORMON marks and that the laws of the United States prohibit Plaintiff from using any confusingly similar mark containing the word MORMON in connection with Plaintiffs' commercial activities.  Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant admits that the logo displayed in Paragraph 11 appears to show stylized figures within the first letter "M" in Plaintiffs' infringing mark MORMON MATCH. Defendant also admits that the word "Mormon" is blue and the word "Match" is gold. Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits that it owns exclusive rights in its family of MORMON marks. Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits that it opposed registration of the infringing mark MORMON MATCH and that the opposition proceeding is pending before the Trademark Trial and Appeal Board at the Patent and Trademark Office.  Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant admits the allegations contained in Paragraph 14.

15.     Defendant admits the allegations contained in Paragraph 15.

16.     Defendant admits that on April 4, 2014, a letter was sent on behalf of IRI to Linode, LLC asking Linode to remove infringing content from the www.dateamormon.com website.  Defendant denies the remaining allegations contained in Paragraph 16.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant admits that the mark MORMON MATCH and the temple image displayed at Plaintiffs' website infringe Defendant's rights in Defendant's family of MORMON marks and in its federally registered Temple design marks.  Defendant otherwise denies the allegations contained in Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 20 and, therefore, denies said allegations.

21.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 21 and, therefore, denies said allegations.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant admits the allegations contained in Paragraph 24.

25.     Defendant admits that Defendant commenced this action, but is without sufficient knowledge to form a belief as to the underlying reasons and, therefore, denies said allegations.

## FACTUAL ALLEGATIONS

26.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 and, therefore, denies said allegations.

27.     Defendant admits that Eller is a member of the Church, but is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 27 and, therefore, denies said allegations.

28.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 and, therefore, denies said allegations.

29.     Defendant admits that LaPointe is a member of the Church, but is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 29 and, therefore, denies said allegations.

30.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 and, therefore, denies said allegations.

31.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies said allegations.

32.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 and, therefore, denies said allegations.

33.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 33 and, therefore, denies said allegations.

34.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 34 and, therefore, denies said allegations.

35.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 35 and, therefore, denies said allegations.

36.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 36 and, therefore, denies said allegations.

37.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 37 and, therefore, denies said allegations.

38.     Defendant admits that the Dating Website currently displays the infringing mark MORMON MATCH.  Defendant is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 38 and, therefore, denies said allegations.

39.     Defendant admits that the Dating Website currently displays an image of the Salt Lake City Temple. Defendant is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 39 and, therefore, denies said allegations.

40.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 40 and, therefore, denies said allegations.

41.     Defendant admits the allegations contained in Paragraph 41.

42.     Defendant admits the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant admits the allegations contained in Paragraph 45.

46.     Defendant admits the allegations contained in Paragraph 46.

47.     Defendant admits that IRI timely filed Notice of Opposition Number 91215064 on February 4, 2014.  Defendant denies the remaining allegations contained in Paragraph 47.

48.     Defendant admits that it asserted ownership of the mark MORMON for a variety of goods and services. Defendant denies the remaining allegations in Paragraph 48.

49.     Defendant admits that it identified seven of its registrations for MORMON marks in the notice of opposition it filed against Plaintiffs' infringing mark MOROMON MATCH, as alleged in Paragraph 49.

50.     Defendant admits the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant admits that it abandoned one of its applications for the mark MORMON, Serial Number 78161091.  Defendant otherwise denies the allegations contained in Paragraph 52.

53.     Defendant admits that correspondence took place between Defendant and a Trademark Examiner working at the lowest level of the Patent and Trademark Office, all of which is a matter of public record and that the correspondence speaks for itself.  Defendant denies the remaining allegations in Paragraph 53.

54.     Defendant admits that correspondence took place between Defendant and a Trademark Examiner working at the lowest level of the Patent and Trademark Office, all of which is a matter of public record and that the correspondence speaks for itself.  Defendant denies the remaining allegations in Paragraph 54.

55.     Defendant admits that the notice opposition filed by Defendant alleges false suggestion of a connection, likelihood of confusion and dilution as grounds for its opposition to Plaintiffs' infringing mark MORMON MATCH.  Defendant denies the remaining allegations in Paragraph 55.

56.     Defendant admits the allegations contained in Paragraph 56.

57.     Defendant admits the allegations contained in Paragraph 57.

58.     Defendant admits the allegations contained in Paragraph 58.

59.     Defendant admits the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant admits the allegations contained in Paragraph 61.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     Defendant admits the allegations contained in Paragraph 63.

64.     Defendant admits that the letter included numerous references to allegations contained in Office Actions issued by a Trademark Examiner at the lowest level of the Patent and Trademark Office, which documents speak for themselves.  Defendant denies the remaining allegations in Paragraph 64.

65.     Defendant admits the allegations contained in Paragraph 65.

66.     Defendant admits the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant admits the allegations contained in Paragraph 68.

69.     Defendant admits the allegations contained in Paragraph 69.

70.     Defendant admits the allegations contained in Paragraph 70.

71.     Defendant admits the allegations contained in Paragraph 71.

72.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 72 and, therefore, denies said allegations.

73.     Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 73 and, therefore, denies said allegations.

74.     Defendant admits that on April 4, 2014, a letter was sent on behalf of IRI to Linode, LLC asking Linode to remove infringing content from the www.dateamormon.com website.

75.     Defendant admits that the letter sent on its behalf to Linode, LLC claimed rights in the mark MORMON and images of the Salt Lake Temple.

76.     Defendant admits the allegations contained in Paragraph 76,

77.     Defendant admits the allegations contained in Paragraph 77.

78.     Defendant admits the allegations contained in Paragraph 78.

79.     Defendant admits the allegations contained in Paragraph 79.

80.     Defendant is without sufficient knowledge to form a belief as to Paragraph 80 and, therefore, denies said allegations.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations contained in Paragraph 82.

83.     Defendant admits that the letter sent on its behalf to Linode, LLC did not use the term "copyright."  Defendant denies the remaining allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 85 and, therefore, denies said allegations.

86.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 86 and, therefore, denies said allegations.

87.     Defendant admits that the Dating Website has not been shut down.  Defendant is without knowledge to form a belief as to the remaining allegations contained in Paragraph 87 and, therefore, denies said allegations.

88.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 88 and, therefore, denies said allegations.

89.     Defendant admits Plaintiff filed a motion to dismiss with the Trademark Trial and Appeal Board; but Defendant is without knowledge to form a belief as to the remaining allegations contained in Paragraph 89 and, therefore, denies said allegations.

90.     Defendant denies the allegations contained in Paragraph 90.

8

91.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 91 and, therefore, denies said allegations

92.     Defendant denies the allegations contained in Paragraph 92.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 94 and, therefore, denies said allegations.

95.     Defendant denies the allegations contained in Paragraph 95.

96.     Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 96 and, therefore, denies said allegations.

## COUNT I
### (Declaratory Judgment)

97.     No response to this paragraph is required because it merely incorporates the allegations in preceding paragraphs.  To the extent a response is required, Defendant repeats and re-alleges its answers in the preceding paragraphs.

98.     The allegations in Paragraph 98 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations

99.     The allegations in Paragraph 99 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

100.     Defendant admits that the April 4, 2014 letter sent on its behalf to Linode, LLC asked Linode to remove infringing content from the www.dateamormon.com website. Defendant denies the remaining allegations contained in Paragraph 100.

101.     Defendant denies the allegations contained in Paragraph 101.

102.     Defendant denies the allegations contained in Paragraph 102.

103.   Defendant admits that the Trademark Trial and Appeal Board is unable to adjudicate infringement claims but denies the remaining allegations in Paragraph 103.

104.   Defendant admits that the Court can decide infringement claims but denies the remaining allegations in Paragraph 104.

105.   Defendant denies that it lacks complete ownership of the mark MORMON.

106.   The allegations in Paragraph 106 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

107.   The allegations in Paragraph 107 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

108.   The allegations in Paragraph 108 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

109.   Defendant denies the allegations contained in Paragraph 109.

110.   Defendant denies the allegations contained in Paragraph 110.

111.   Defendant denies the allegations contained in Paragraph 111.

112.   Defendant denies the allegations contained in Paragraph 112.

113.   Defendant denies the allegations contained in Paragraph 113.

114.   Defendant admits that Eller and LaPointe are members of The Church of Jesus Christ of Latter-day Saints, but is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 114 and, therefore, denies said allegations.

115.   Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 115 and, therefore, denies said allegations.

116.    Defendant admits that the term MORMON is used on some occasions to refer to members of The Church of Jesus Christ of Latter-day Saints.  Defendant denies the remaining allegations in Paragraph 116.

117.    Defendant denies the allegations in Paragraph 117.

118.    Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 118 and, therefore, denies said allegations.

119.    Defendant denies the allegations in Paragraph 119.

120.    No response is required by Defendant to the allegations in Paragraph 120 because the allegations merely request a form of relief to which Plaintiff is not entitled.  To the extent a response is required Defendant denies the allegations in Paragraph 120.

**COUNT II**
**(Preliminary Injunction)**

121.    No response to this paragraph is required because it merely incorporates the allegations in preceding paragraphs.  To the extent a response is required, Defendant repeats and re-alleges its answers in the preceding paragraphs.

122.    Defendant denies the allegations contained in Paragraph 122.

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124.

125.    Defendant denies the allegations contained in Paragraph 125.

126.    Defendant denies the allegations contained in Paragraph 126.

127.    Defendant denies the allegations contained in Paragraph 127.

128.    Defendant denies the allegations contained in Paragraph 128.

129.    Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 129 and, therefore, denies said allegations.

130.     Defendant is without sufficient knowledge to form a belief as to the allegations of Paragraph 130 and, therefore, denies said allegations.

131.     IRI has openly opposed attempts by others to claim rights in MORMON as a trademark and that Eller knew or should have known of those objections since they were a matter of public record.  Defendant therefore denies that it has not recently complained of any infringement.  Defendant admits that it first complained of Eller's infringement at least as early as February 24, 2014, by opposing Eller's registration of the alleged mark MORMON MATCH (and Design) before the PTO.

132.     Defendant denies the allegations contained in Paragraph 132.

133.     Defendant is without sufficient knowledge to form a belief as to the allegations of Paragraph 133 and therefore denies said allegations.

134.     Defendant is without sufficient knowledge to form a belief as to the allegations of Paragraph 134 and therefore denies said allegations.

135.     Defendant denies the allegations contained in Paragraph 135.

136.     Defendant denies the allegations contained in Paragraph 136.

137.     Defendant denies that the public interest favors issuance of an injunction against Defendant.

138.     Defendant denies the allegations in Paragraph 138.

139.     Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 139 and, therefore, denies said allegations.

140.     Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 140 and, therefore, denies said allegations.

141.     Defendant denies the allegations contained in Paragraph 141.

142.     Defendant denies the allegations contained in Paragraph 142.

143.     No response is required of Defendant to Paragraph 143 because it merely recites a claim for a remedy to which Plaintiff is not entitled.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted, in that Plaintiffs admittedly do not own the website at www.dateamormon.com and have not alleged use or a right to use the mark MORMON MATCH in commerce.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because although Plaintiffs claim that others have an interest in this matter, including possibly Gordon Child and Matthew LaPointe, Plaintiffs have failed to join one or more required parties who may be shown through discovery to have an interest relating to the subject of the action and in whose absence the Court cannot afford complete relief.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the fact that Plaintiff lacks standing in that Plaintiffs have no rights in any mark containing the word MORMON, admittedly do not own the website at www.dateamormon.com and, therefore, will not be damaged by Defendant's efforts to enforce its intellectual property rights.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and allegations as to descriptiveness are barred by the fact that Defendant owns incontestable federal trademark registrations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands in that Plaintiff has engaged in inequitable conduct directly related to the subject matter of this litigation in that, among other things, Plaintiff has made claims under penalty of perjury before the PTO which have been directly contradicted by pleadings filed by Plaintiffs in this proceeding.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel in that the allegations made by Plaintiffs in the complaint and other pleadings are contradicted by Eller's prior sworn statements.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches in that Plaintiff knew or should have known of Defendant's long established rights in its family of MORMON Marks and Plaintiffs unreasonably delayed asserting the claims made in this action, thereby causing detriment to Defendant.

WHEREFORE, Defendant prays:

(1)     That the relief requested by Plaintiffs be denied;

(2)     That the Court enter judgment in favor of Defendant dismissing all of Plaintiffs' claims;

(3)     That Defendant be awarded all costs and attorneys' fees associated with its defense in this action;

(4)     That Defendant be granted such other, further, different or additional relief as this court deems equitable and proper.

## COUNTERCLAIMS

Counterclaim Plaintiff Intellectual Reserve, Inc. ("IRI") hereby asserts the following counterclaims against Counterclaim Defendant Jonathan Eller ("Eller"), Defendant Mormon Match LLC ("MML"), and John Does 1-5 (Does 1-5), all of whom are collectively referred to herein as Counterclaim Defendants.

## THE PARTIES

1.      This is an action for trademark and service mark infringement, unfair competition, cybersquatting, and declaratory judgment arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. and the common law.

2.      IRI is a nonprofit corporation organized under the laws of Utah having an address of 50 East North Temple, Salt Lake City, Utah 84150.

3.      On information and belief, Eller is a resident of Texas with an address of 18630 Minden Oaks Drive, Spring, Texas 77388.

4.      On information and belief, MML is a Texas Limited Liability Company with an address of 18630 Minden Oaks Drive, Spring, Texas 77388.

5.      On information and belief,  Does 1-5 are one or more individuals who have engaged in the acts complained of herein jointly with Eller, or who aided and abetted Eller, and who are jointly and severally liable for the damages caused by said acts.  Eller has not yet identified these individuals and IRI expects that they will be identified in the course of discovery.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under Section 39 of the Trademark Act of 1946, 15 U.S.C. § 1121; 28 U.S.C. § § 1331, 1332 and 1338; and under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Eller, MML, and Does 1-5 because they are doing business in Texas within this Judicial District and because they have caused tortious injury to IRI within this Judicial District.

8.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), because Eller and MML claim to reside within this district and a substantial part of the events giving rise to the counterclaims occurred in this district.

## FACTS

9.     IRI owns all right, title and interest in and to a family of trademarks and service marks containing the word MORMON alone or in combination with other words or designs (collectively, the "MORMON Marks").

10.     IRI also owns various design marks depicting the Salt Lake Temple (the "Temple Design Marks").

11.     IRI also owns and manages intellectual property used by The Church of Jesus Christ of Latter-day Saints (the "Church").

12.     The Church is widely known in the United States and throughout the world as the MORMON CHURCH.  For many years, the Church has used the word MORMON extensively, alone and with other words and designs, as a trade name, trademark and service mark to identify and distinguish its goods and services from those owned by others.

13.     IRI holds title to a family of MORMON Marks and other trademarks, service marks and intellectual property rights used by the Church.

14.     Long prior to the acts complained of herein, IRI adopted and began using the MORMON Marks and the Temple Design Marks in interstate commerce in connection with a variety of goods and services including, but not limited to, providing on-line religious instruction

promoting family values; counsel and advice on dating and marriage, providing a website on which individuals may engage in social networking and the posting of information about themselves, providing information and instruction in the fields of religion, ethics, and moral and religious values; providing information in the field of parenting concerning education and entertainment of children; and providing courses of instruction in the field of marital relations educational services, providing online religious instruction, entertainment services, pre-recorded audio and video cassette tapes and compact discs featuring religious content, printed matter; namely religious books, religious instructional pamphlets, and brochures; photographs, artist materials, instructional and teaching material, posters, engravings, prints of paintings and books.

15.     The Church establishes moral standards for dating and it engages in counseling services designed to help individuals find a spouse and to qualify for marriage.

16.     The ultimate goal of worthy members of the Church is to qualify for marriage in one of the many temples operated by the Church, including the temple in Salt Lake City where IRI and the Church have their headquarters.

17.     To facilitate these goals, IRI obtained the following registrations from the Patent and Trademark Office:

- Registration No. 3239919, MORMON, on May 8, 2007;

- Registration No. 3715744, MORMON.ORG, on November 24, 2009;

- Registration No. 2766231, MORMON TABERNACLE CHOIR, on September 23, 2003;

- Registration No. 2913694, MORMON TABERNACLE CHOIR & Design, on December 21, 2004;

- Registration No. 2883572, BOOK OF MORMON, on September 14, 2004;

- Registration No. 1524555, MORMON HANDICRAFT, on February 14, 1989;

17

- Registration No. 1527447, MORMON HANDICRAFT, on February 28, 1989;

- Registration No. 2552030, for a Temple Design mark, issued March 26, 2002, for printed instructional manuals featuring religious subject matter;

- Registration No. 4323142, for a Temple Design mark issued April 23, 2013 for video recordings featuring religious subject matter;

IRI also owns the following registration issued by the State of Utah:

- Utah Registration No. 5160149-0190, THE MORMON CHURCH, issued July 18, 2002.

18.     These registrations are valid and subsisting and the federal registrations provide nationwide constructive notice and *prima facie* proof of IRI's ownership of and exclusive right to use the MORMON Marks in commerce pursuant to 15 U.S.C.§§ 1057(b) and 1072.  Reg. Nos. 1524555, 1527447, 2552030, 2766231, 2883572, 2913694, and 3239919 are incontestable and they provide conclusive evidence of IRI's exclusive right to use the marks in commerce pursuant to 15 U.S.C. § 1065.  Copies of these registrations are attached as Exhibit A.

19.     The MORMON Marks have been widely publicized throughout the United States for many years and they have become distinctive indicators of the goodwill owned by IRI and the Church.

20.     As a result of the extensive use and publicity, the MORMON Marks have become well known among members of the public as distinctive indicators of the source of goods and services offered by the Church and as valuable symbols of IRI's goodwill.

21.     Notwithstanding IRI's prior rights in the MORMON Marks, Eller began using the confusingly similar mark MORMON MATCH and an imitation of IRI's Temple Design Marks (collectively the "Infringing Marks") in commerce, in connection with a website where individuals may engage in social networking and with the advertising of a future dating service.

22.     On June 3, 2013, Eller filed Application No. 85/949670 with the United States Patent and Trademark Office seeking registration of MORMON MATCH for Internet-based dating, social introduction, and social networking services.

23.     In his application, Eller claimed the exclusive right to use the Infringing Mark and, declared under penalty of perjury that **"he believed he was the owner of the mark and that no other person, firm, corporation, or association has the right to use the mark in commerce**."

24.     Subsequently, Eller contradicted this sworn statement by representing to this court that he was not the owner of the Infringing Marks and that he never had been the owner.

25.     Counterclaim Defendants have displayed the Infringing Mark MORMON MATCH together with a large photograph that incorporates IRI's Temple Design Mark on advertisements and on the website at www.dateamormon.com, (which is also reachable through the domain name "Mormon-Match.com").  ("dateamormon.com" and "mormon-match.com" are hereinafter referred to as the "Infringing Domain Names").

26.     Counterclaim Defendants do not own the unhyphenated domain name www.mormonmatch.com and, unlike Eller, the owner of that domain name has not attempted to register MORMON MATCH as a trademark or service mark.

27.     Eller could have selected any number of marks to identify and distinguish his services from those of others but, instead chose to use and seek registration of the Infringing Marks.

28.     There are several other dating websites that provide dating services to members of the Church.  However, unlike Counterclaim Defendants, the owners of these sites have respected

IRI's rights in its family of MORMON Marks by refraining from using the word MORMON as a trademark or service mark.

29.     Counterclaim Defendants could have used the term "Mormon" in a non-trademark manner in good faith, merely to communicate the fact that their services are offered to Mormons or members of the Church.

30.     Instead, Counterclaim Defendants are using the Infringing Marks, and Eller is seeking to register MORMON MATCH as a service mark, to identify and distinguish their services from those of others.

31.     Counterclaim Defendant's allegation that the use of the Infringing Marks is "fair use" directly conflicts with the representations Eller made to the Patent and Trademark Office and the allegation is further contradicted by the display of the Infringing Marks as the most prominent words on the website.

32.     The Infringing Mark MORMON MATCH is the only word mark displayed on Counterclaim Defendants' website.

33.     IRI obtained registrations for the MORMON Marks long before Counterclaim Defendants decided to begin using the Infringing Marks.

34.     Counterclaim Defendants knew or should have known that IRI owns a family of federally registered MORMON Marks before they adopted the Infringing Marks.

35.     Counterclaim Defendants knew or should have known that the Church uses the MORMON marks on services closely related to those that Counterclaim Defendants are offering under the Infringing Marks.

36.     Counterclaim Defendants never sought the permission of IRI or the Church to use imitations of IRI's registered MORMON Marks or the Temple Design Marks.

37.     Counterclaim Defendants adopted the Infringing Marks for commercial purposes with an intent to use it for their own personal gain.

38.     Counterclaim Defendants adopted the Infringing Marks with an intent to mislead members of the public into believing that their services are approved, endorsed, sponsored or otherwise affiliated with IRI and the Church.

39.     Counterclaim Defendants adopted the Infringing Marks with a deliberate intent to misappropriate the goodwill symbolized by the Mormon Marks.

40.     Counterclaim Defendants were aware of objections by IRI and the Church to the use and registration of the Infringing Marks before the filing of this lawsuit.

41.     Despite said objections, Counterclaim Defendants have deliberately persisted in the use of the Infringing Marks and have continued their efforts to cause confusion, mistake and deception and to falsely suggest that their services are approved, endorsed, sponsored by or otherwise affiliated with IRI and the Church.

42.     While Eller is a member of the Church, his desire to pursue his own financial interests outweighs any loyalty he may have to the Church as shown by his imitation of federally registered marks used by the Church, his attack on the validity of those marks, his attempts to trade on the goodwill symbolized by the MORMON Marks and his filing of this action.

43.     Neither IRI nor the Church have any contractual relationship with Eller and, therefore, they have  no control over the manner in which they use the Infringing Marks and no contractual ability to prevent the use of said marks in a manner that damages the goodwill symbolized by the Church's MORMON Marks.

44.     Because IRI and the Church are being damaged by Eller's use of the Infringing Marks, IRI timely filed Opposition No. 91215064 with the Trademark Trial and Appeal Board on February 24, 2014, opposing registration of the Infringing Marks.

45.     Owners of other applications for infringing marks containing the word MORMON have voluntarily abandoned those applications after receiving objections or notices of opposition from IRI.  See Application Serial Nos. 77203424, MORMON CHICKS RULE; 77337325, SECRET MORMON; and 76714295, THE BOOK OF MORMON.

46.     Counterclaim Defendants knew or should have known that other users of MORMON marks have abandoned their applications after receiving objections or notices of opposition from IRI.

47.     Despite the objections raised on behalf of IRI in the opposition proceeding and in correspondence concerning the Infringing Marks, Counterclaim Defendants have continued using and attempting to register the Infringing Mark MORMON MATCH with full knowledge of IRI's prior rights in the MORMON Marks.

48.     Thus, Counterclaim Defendants have engaged in this unlawful activity in bad faith with a willful and deliberate intent to trade on IRI's goodwill, to cause confusion among members of the public, and to injure IRI and the Church.

49.     Counterclaim Defendants' unauthorized use of the Infringing Marks is deliberately calculated to cause confusion among consumers as to the source, origin, or sponsorship of services offered by Counterclaim Defendants.

## COUNT I
## TRADEMARK INFRINGEMENT IN VIOLATION OF FEDERAL LAW

50.     As a separate cause of action and claim for relief, IRI alleges that Counterclaim Defendants have and are engaged in acts of trademark infringement that give rise to a cause of

action under 15 U.S.C. §1114(1)(a). Paragraphs 1 through 49 of this counterclaim are incorporated by reference as part of this claim.

51.     Counterclaim Defendants have used and are using or intend to use the Infringing Marks in connection with Internet-based dating, social introduction, and social networking services in this district in such a manner as to create a likelihood of confusion, mistake, or deception among actual and prospective consumers, and said acts have damaged and impaired that part of goodwill symbolized by the MORMON Marks, to IRI's immediate and irreparable damage.

52.     Counterclaim Defendants' unauthorized use of the Infringing Mark in the manner alleged constitutes trademark infringement within the meaning of 15 U.S.C. §1114(1)(a).

53.     Counterclaim Defendants' unauthorized use of the Infringing Marks is likely to cause confusion mistake or deception.

54.     Counterclaim Defendants had actual knowledge of IRI's exclusive right to use the MORMON Marks when they engaged in the conduct complained of herein.

55.     Thus, Counterclaim Defendants have willfully and deliberately engaged in the aforesaid acts of infringement with an intent to injure IRI and to deceive the public.

56.     Counterclaim Defendants' acts of infringement have caused IRI irreparable injury and loss of reputation. Unless enjoined by this Court, Counterclaim Defendants will continue these acts of infringement to IRI's immediate and irreparable damage.

## COUNT II
## UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW

57.     As a separate  cause of action and claim for relief, IRI alleges that Counterclaim Defendants have and are engaged in acts of unfair competition of a type proscribed by Section

43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).  Paragraphs 1 through 56 of this counterclaim are incorporated by reference as part of this claim.

58.     Counterclaim Defendants have used and are using the Infringing Marks in connection with the advertising and sale of services in a manner that creates a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods or services sold by Counterclaim Defendants are rendered, sponsored, or otherwise approved by, or connected with IRI or the Church, which acts of Counterclaim Defendants have damaged and impaired that part of IRI's goodwill symbolized by the MORMON Marks to IRI's immediate and irreparable damage.

59.     Counterclaim Defendants' use of a mark that is confusingly similar to that owned by IRI, in connection with the advertising and sale of Counterclaim Defendants' goods or services, constitutes use of a false designation of origin and a false and misleading representation within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

60.     Counterclaim Defendants' use of a mark confusingly similar to the MORMON Marks constitutes unfair competition entitling IRI to remedies pursuant to Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

61.     Counterclaim Defendants' acts of false designation of origin, false representation and false advertising have caused IRI irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this court, Counterclaim Defendants will continue the acts of unfair competition complained of herein to IRI's immediate and irreparable damage.

**COUNT III**
**CYBERSQUATTING IN VIOLATION OF FEDERAL LAW**

62.     As a separate cause of action and claim for relief, IRI alleges that Counterclaim Defendants have and are engaged in acts of trademark cybersquatting of a type proscribed by Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).  Paragraphs 1 through 61 of this counterclaim are incorporated by reference as part of this claim.

63.     Acting alone or in concert with others, Counterclaim Defendants have registered and/or used and are using the Infringing Domain Names with a bad faith intent to profit from the MORMON Marks.

64.     Counterclaim Defendants are using the Infringing Domain Names in connection with the advertising and sale of services in a manner which creates a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods or services sold by Counterclaim Defendants are rendered, sponsored, or otherwise approved by, or connected with IRI, which acts of Counterclaim Defendants have damaged and impaired that part of IRI's goodwill symbolized by the MORMON Marks to IRI's immediate and irreparable damage.

65.     Evidence of Counterclaim Defendants' bad faith is shown by the fact that the Infringing Domain Names adopted by Counterclaim Defendants are identical or confusingly similar to the MORMON Marks.

66.     Counterclaim Defendants' use of the Infringing Domain Names, in connection with the advertising and sale of Eller's goods or services, constitutes trademark cybersquatting within the meaning of The Anticybersquatting Consumer Protection Act, Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).

25

67.     Eller's use of the Infringing Domain Names entitles IRI to remedies pursuant to Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d), including statutory damages pursuant to 15 U.S.C. § 1117(d).

68.     Eller's acts of cybersquatting have caused IRI irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this court, Counterclaim Defendants will continue the acts of unfair competition complained of herein to IRI's immediate and irreparable damage.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER THE COMMON LAW

69.     As a separate cause of action and claim for relief, IRI alleges that Counterclaim Defendants have and are engaged in acts of trademark infringement in violation of the common law.  Paragraphs 1 through 68 of this counterclaim are incorporated by reference as a part of this claim.

70.     Counterclaim Defendants have used and are using the Infringing Marks in connection with the advertising and selling of services in a manner which creates a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods or services sold by Counterclaim Defendants are rendered, sponsored, or otherwise approved by, or connected with IRI, which acts of Counterclaim Defendants have damaged and impaired that part of IRI's goodwill symbolized by the MORMON Marks, to IRI's immediate and irreparable damage.

71.     The nature, probable tendency and effect of Counterclaim Defendants' use of a confusingly similar name and mark in the manner alleged is to enable Counterclaim Defendants to deceive the public by passing off their goods or services as being rendered, sponsored, or otherwise approved by or connected with IRI.

26

72.     Counterclaim Defendants' use of a mark confusingly similar to that used by IRI in connection with the advertising and selling of services is likely to cause confusion, mistake or deception as to the source or origin of Counterclaim Defendants' services and constitutes infringement of the MORMON Marks under the common law.

73.     Counterclaim Defendants' acts of infringement have caused IRI's irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Counterclaim Defendants will continue these acts of infringement thereby deceiving the public and causing IRI immediate and irreparable damage.

## COUNT V
## UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

74.     As a separate cause of action and claim for relief, IRI alleges that Counterclaim Defendants have and are engaged in acts constituting willful and deliberate unfair competition in violation of the common law.  Paragraphs 1 through 73 of this counterclaim are incorporated by reference as a part of this claim.

75.     Counterclaim Defendants have used and are using the Infringing Marks in connection with the unauthorized advertising and selling of services in interstate commerce in such a manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with IRI.  Counterclaim Defendants' use of the Infringing Marks induces purchasers and others to believe, contrary to fact, that the goods or services sold by Counterclaim Defendants are rendered, sponsored, or otherwise approved by, or connected with IRI. Counterclaim Defendants' acts have damaged and impaired that part of IRI's goodwill symbolized by the MORMON Marks, to IRI's immediate and irreparable damage.

76.     The aforesaid acts of Counterclaim Defendants constitute willful and deliberate unfair competition under the common law of Texas.

27

77.     Counterclaim Defendants' acts of unfair competition have caused IRI irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Counterclaim Defendants will continue said unlawful acts of willful and deliberate unfair competition to IRI's immediate and irreparable damage.

**COUNT VI**
**DECLARATORY JUDGMENT**

78.     As a separate cause of action and ground for relief, IRI respectfully submits that it is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 and 15 U.S.C. § 1119, finding that Counterclaim Defendants are not entitled to use or register the mark MORMON MATCH or any other mark containing the word MORMON and directing the Patent and Trademark Office to enter judgment in favor of IRI on each of the grounds asserted as a basis for IRI's opposition in Opposition No. 91215064.

79.     The threats and allegations made by Counterclaim Defendants have created a case of actual controversy between the parties.

80.     Counterclaim Defendants' use and registration of the Infringing Marks is likely to cause confusion, mistake or deception among prospective customers in violation of 15 U.S.C. § 1052(d).

81.     Counterclaim Defendants' use and registration of the Infringing Marks creates a false suggestion of connection with IRI or the Church or with the beliefs of the Church in violation of 15 U.S.C.§ 1052(a).

82.     Eller's false allegation of ownership in his application to register the mark MORMON MATCH renders the application void ab initio pursuant to 37 CFR § 2.71(d).

83.     Counterclaim Defendants' attempts to use and register the Infringing Marks have caused IRI to suffer irreparable injury, loss of reputation and pecuniary damages.  Unless

enjoined by this Court, Counterclaim Defendants will continue these acts thereby deceiving the public and causing IRI immediate and irreparable damage.

WHEREFORE, IRI prays for judgment against Counterclaim Defendants as follows:

(1)      Pursuant to 15 U.S.C. § 1116, and the law of the State of Texas, that Counterclaim Defendants and each of their agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(a)      Using or authorizing others to use as a trademark, service mark or trade name, or domain name, MORMON MATCH, DATE A MORMON or any other name or mark containing the term MORMON, or any confusingly similar names or marks, in the advertising or sale of any goods or services;

(b)      Using or authorizing others to use in any manner any service mark, trademark, trade name, trade dress,  domain name, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof which would imitate, resemble or suggest the MORMON Marks;

(c)      Otherwise infringing the MORMON Marks;

(d)      Unfairly competing with IRI, diluting the distinctiveness of the MORMON Marks, and otherwise injuring IRI's business reputation in any manner;

(e)      Publishing any telephone listings, using any domain names, web pages or Internet advertisements, or keywords using the names or marks MORMON, MORMON MATCH, DATEAMORMON.COM, or any other name or mark confusingly similar to the MORMON Marks.

(2)      Pursuant to 15 U.S.C. § 1118 and the law of the State of Texas, that Counterclaim Defendants be directed to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles and all other materials in its possession or under its control that resemble or bear the name or mark MORMON MATCH, or any other name or mark containing MORMON MATCH or any other reproduction, counterfeit, copy or colorable imitation of the MORMON Marks and all plates, molds, matrices, and other means of making or duplicating said allegations.

(3)      Pursuant to 15 U.S.C. § 1119 Counterclaim Defendants be directed to abandon the application to register the mark MORMON MATCH.

(4)      Pursuant to 15 U.S.C. § 1117 and the law of the State of Texas, that Counterclaim Defendants account and pay to IRI damages in an amount sufficient to fairly compensate IRI for the injury it has sustained plus all profits which are attributable to the infringing sale of goods or services under the name and mark complained of herein, and further that the amount of the monetary amount granted herein be trebled in view of the willful and deliberate nature of Counterclaim Defendants' unlawful conduct.

(5)      Pursuant to 15 U.S.C. § 1117, and the law of the State of Texas, that Counterclaim Defendants be ordered to pay to IRI the costs of this action and IRI's attorneys' fees.

(6)      Pursuant to 15 U.S.C. § 1125(d)(1)(C), that Counterclaim Defendants transfer the Infringing Domain Names to Plaintiff.

(7)      That IRI be granted such other, further, different or additional relief as this court deems equitable and proper.

Dated: May 12, 2014

/s/ Robert. M. Schick_____
Robert M. Schick
Attorney-In-Charge
State Bar No. 17745715
Federal Bar No. 587

**SCHICK & COPELAND LLP**

3700 Buffalo Speedway
Suite 960
Houston, TX 77098
Tel: 832.849.1800
Fax: 832.849.1799
rschick@schickcopeland.com

*Attorney for Defendant Intellectual Reserve, Inc.*

OF COUNSEL
Douglas R. Bush
Michael A. Grow (pro hac vice granted)
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC  20036-5342
Tel: 202.857.6000
Fax: 202.857.6395

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Siddartha Rao
121 E. 12th St. Apt LG
New York, New York 10003
Tel: 646-221-1846

Kiernan McAlpine
3310 Louisiana St., Suite 2413
Houston, Texas 77006
Tel: 832-314-1383
Fax: 832-201-7814

*Attorney for Plaintiff*

*Attorney for Plaintiff*

*/s/ Robert M. Schick*
Robert M. Schick